# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 3 PENSION FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) Case No. 09-00203-CV-W-DGK |
| v. | ) ) |
| SANDRA FOSTER, et al., | ) ) |
| Defendants. | ) ) |

## ORDER

Pending before the Court is the Plaintiffs' Motion for summary judgment against Defendant Sandra Foster. Docs. 72-73. After being order to respond, the Defendant submitted a brief letter generally denying substantial involvement in the business at issue in this case. Docs. 76-77. For the reasons discussed herein, the Plaintiffs' Motion is GRANTED.

## Background

The Plaintiffs, a painters union's pension and trust funds and the respective trustees, filed suit against the Defendants, Sandra Foster, Harry Foster,[1] Jeffrey Van Horn[2] and Innovative Drywall Solutions ("IDS"),[3] on March 12, 2009. Doc. 1. The Plaintiffs then amended their complaint on April 28. Doc. 7. The Plaintiffs assert that they entered into a collective bargaining agreement with the Builders Association of Missouri ("Association"), which Defendant Sandra Foster stipulated to and agreed to bind IDS to on July 10, 2008. Thereafter, the Defendants' painter employees were covered by the agreement and the Defendants were required to, among other things, contribute various sums to the funds on a per employee per hour

---

[1] The Court granted default judgment against Mr. Foster on April 23, 2010. Doc. 61.
[2] The Plaintiffs dismissed their claims against Mr. Van Horn without prejudice on June 30, 2010. Docs. 65-66.
[3] The Court has denied default judgment against IDS. Doc. 64.

basis. The Defendants were also required to submit remittance reports detailing the names of the covered employees, the hours worked and the amounts contributed. The Plaintiffs seek an order to examine and audit the Defendants' books to determine the amount owed, and a judgment in that amount, plus interest, attorney's fees and costs.

## Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must consider the facts in the light most favorable to the non-moving party, including consideration of all reasonable inferences. *Mirax Chem. Prods. Co. v. First Interstate Commercial Corp.,* 950 F.2d 566, 569 (8th Cir 1981). Local Rule 56.1(a) sets out the manner in which motions for summary judgment should be filed in this Court.

> "The suggestions in support of a motion for summary judgment shall begin with a concise statement of uncontroverted material facts. Each fact shall be set forth in a separately numbered paragraph. Each fact shall be supported by reference to where in the record the fact is established…Suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts as to which the party contends a genuine dispute exists…*All facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party.*"

(emphasis added).

## Discussion

**A. Statement Of Undisputed Material Facts**

The initial deadline to respond was November 22, 2010. In light of Ms. Foster's pro se status, the Court granted her until December 17 after she failed to meet the original deadline. She responded with a brief letter asserting that the records were lost in a fire and that she was a general partner of IDS in name only. Doc. 77. Though her letter is dated December 9, it was not received by the Clerk's office until December 27, strongly suggesting that it was not mailed until

well after the new deadline. Though the Plaintiffs initially failed to file a certificate of service, they remedied this making clear that Ms. Foster was served with the Motion for summary judgment on October 29. Doc. 75. Regardless, Ms. Foster's untimely response did not specifically controvert any of the facts asserted by the Plaintiffs. Accordingly, the Court finds that following material facts admitted for the purposes of summary judgment.

1. Innovative Drywall Solutions was organized as a Missouri general partnership, with Defendant Sandra Ann Foster as a general partner.
2. Defendant stipulated to be bound by the collective bargaining agreement then in effect, and to subsequent collective bargaining agreements including the agreement in effect from July 10, 2008 to date.
3. Defendant IDS did not terminate its stipulation to the subject collective bargaining agreement after execution of the Stipulation.
4. Painter employees of the Defendants were employed under the terms of the collective bargaining agreements between the Association and the Union under the terms of which Defendants agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements from the date of the Stipulation to the present date and thereafter; and during said period to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.
5. The Defendants are required by Section 209 of ERISA, 29 U.S.C. §1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

3

6. Under the agreements hereinabove mentioned, Defendants likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreements, as amended, under which the said Plaintiff Funds are administered and to allow an official agent of the Board of Trustees of said Plaintiff Funds, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Funds have been faithfully performed.

7. Painter employees of Defendants performed work covered by the collective bargaining agreement between July 10, 2008 and the present date.

8. During the period from July 10, 2008 through the present date, Defendant did not make all required employee benefit plan contributions to the Plaintiff Funds, as required pursuant to the collective bargaining agreement.

9. Plaintiff Michael D. Williams is a duly appointed and acting Trustee of the Painters District Council No. 3 Pension Fund.

10. The Painters District Council No. 3 Pension Fund is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186, and said Fund is an employee benefit plan within the meaning of Section 2 of ERISA, 29 U.S.C. §1002.

11. Plaintiff Michael D. Williams is a duly appointed and acting Trustee of the District Council No. 3 Painters and Allied Trades Welfare Fund.

12. The District Council No. 3 Painters and Allied Trades Welfare Fund is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186, and said Fund is an employee benefit plan within the meaning of Section 2 of ERISA, 29 U.S.C. §1002.

13. Plaintiff Michael D. Williams is a duly appointed and acting Trustee of the Painters District Council No. 3 Apprenticeship, Health & Safety Training Fund.

14. The Painters District Council No. 3 Apprenticeship, Health & Safety Training Fund is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186, and said Fund is an employee benefit plan within the meaning of Section 2 of ERISA, 29 U.S.C. §1002.

15. The Painters District Council No. 3 Pension Fund was established on April 20, 1966, pursuant to the collective bargaining agreement entered into between the Association and the Union. The Trust Agreement establishing said Plaintiff Fund was amended and revised effective January 1, 1976.

16. The District Council No. 3 Painters and Allied Trades Welfare Fund was established on April 1, 1964, pursuant to the collective bargaining agreement between the Association and the Union. The Trust Agreement establishing said Plaintiff Fund was amended and revised effective January 1, 1976.

17. The Painters District Council No. 3 Apprenticeship, Health & Safety Training Fund was established on May 10, 1993 pursuant to the collective bargaining agreement between the Association and the Union.

18. Plaintiffs have served the Secretary of Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h) by

> depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of Treasury and Said Secretary of Labor on or about the date of the filing of the Complaint.
>
> 19. Defendant IDS failed to make employee benefit plan contributions on behalf of its employees for work covered by the collective bargaining agreement which was performed from April 1, 2005 to March 31, 2009.

The undisputed material facts show that Sandra Foster was a general partner of IDS. The facts further shows that IDS bound itself to the terms of the collective bargaining agreement but did not live up to its obligations. Missouri law is clear that general partners are jointly and severally responsible for partnership debts. Mo. Rev. Stat. § 358.150(1). ERISA entitles the Plaintiffs to audit the Defendants' books and recover a sum equivalent to the amounts that should have been contributed on an hours-worked basis. *See Central States, Se. and Sw. Areas Pension Fund v. Central Transp., Inc.,* 472 U.S. 559, 565-66 (1985) (finding that the power of trustees to administer of trust entitle them to "demand and examine employer records"). Accordingly, the Court issues the following orders.

**COUNTS I, II & III**

**1.** Defendant Sandra Foster is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for July 10, 2008, to date.

**2.** That the Plaintiffs have and recover of and from Defendant Sandra Foster a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from July 10, 2008, to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by the Defendant to Plaintiffs for said period can be ascertained.

**IT IS SO ORDERED**

Dated: June 2, 2011 /s/ Greg Kays
GREG KAYS,
UNITED STATES DISTRICT JUDGE